subd [f]; *Terranova v Emil,* 20 NY2d 493; *Procter & Gamble Distr. Co. v Lawrence Amer. Field Warehousing Corp.,* 16 NY2d 344). Plaintiff should be given an opportunity to discover the existence of further maintenance contracts and customs and practices of defendants concerning maintenance of the highway, which information is within the knowledge of defendants. The motions for summary judgment are continued pursuant to CPLR 3212 (subd [f]) until December 15, 1978 in order to permit plaintiff to develop through disclosure facts in opposition to defendants' motions which Special Term shall then determine. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Witmer, JJ.

■ ALVARO E. TORRES, as Father and Natural Guardian and Administrator of the Estates of PAUL TORRES, and Others, Deceased, et al., Appellant, v TOWN OF HOLLAND, Respondent. (Appeal No. 2.)—Order unanimously reversed, without costs, and matter remitted to Special Term, Erie County for further proceedings in accordance with the same memorandum as in *Torres v County of Erie* (64 AD2d 1020). (Appeal from order of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Witmer, JJ.

■ ALVARO E. TORRES, Appellant, v COUNTY OF ERIE, Respondent. (Appeal No. 3.)—Order unanimously reversed, without costs, and matter remitted to Special Term, Erie County for further proceedings in accordance with the same memorandum as in *Torres v County of Erie* (64 AD2d 1020). (Appeal from order of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Witmer, JJ.

■ ALVARO E. TORRES, Appellant, v TOWN OF HOLLAND, Respondent. (Appeal No. 4.)—Order unanimously reversed, without costs, and matter remitted to Special Term, Erie County for further proceedings in accordance with the same memorandum as in *Torres v County of Erie* (64 AD2d 1020). (Appeal from order of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Witmer, JJ.

■ In the Matter of YORKTOWN INDUSTRIES, INC., et al., Appellants, v WILLIAM H. REUTER CONSTRUCTION COMPANY, INC., Respondent.—Order unanimously affirmed, with costs, on the memorandum decision at Special Term, Adams J. (Appeal from order of Chautauqua Supreme Court—arbitration.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARLENE SWEREDOSKI, Appellant.—Judgment unanimously reversed and a new trial granted. Memorandum: Defendant was not provided with notice of the People's intention to introduce at trial statements made by defendant to a police officer, as required by CPL 710.30. The People concede that under the circumstances of this case a new trial is warranted. Although no objection was made to the offer of these statements at trial, we find upon a review of the record that the use of these statements did not constitute harmless error and that such a reversal is required in the interests of justice (CPL 710.30). (Appeal from judgment of Onondaga County Court—burglary, second degree.) Present—Marsh, P. J., Moule, Cardamone, Simons and Schnepp, JJ.

■ In the Matter of MARY KARNS, Individually and on Behalf of Her Minor Child, Petitioner, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding dismissed, without costs, upon stipulation. (Article 78 proceeding transferred by order of Steuben Supreme Court.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.